[Crim. No. 2020.   Second Appellate District, Division Two.—January 27, 1931.]

THE   PEOPLE, Respondent, v. GLENN   A.   ROGERS, Appellant.

Ralph D. Paonessa and Alexander L. Oster for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

WORKS, P. J. — Defendant was found guilty under a charge of robbery in the first degree. He appeals from the judgment of conviction and from an order of the trial court denying his motion for a new trial.

Appellant insists that the testimony of the witness Hansen was insufficient to show an identification of appellant as the individual who committed the alleged robbery. It is said that the witness claimed to identify appellant by means of a gray coat which the latter wore at the time of the commission of the offense, but that while on cross-examination the witness was shown to have no familiarity with the appearance of the coat. Hansen, however, did not identify appellant by the coat alone, for the following appears in a portion of the record quoted in appellant's brief: "Q. [By counsel for defendant] : And the cap which the defendant had on his head was pulled down how far? A. Well, right above his eyes. Q. You could obtain then, could you, a clear view of his face? A. I could. . . . Q. That [by means of the coat and cap] is the only way you could identify him? A. No, sir. . . . Q. Well, what other way could you identify the defendant? A. By his features." It is true that two impeaching witnesses testified that Hansen had said out of court that he could not identify appellant, or was not sure of his ability to identify him, but this testimony only gave rise to a conflict in the evidence, which the jury was privileged to resolve as it pleased. The point must therefore be determined against appellant.

At some period prior to the time when appellant was charged with robbery he had been tried on another criminal charge and had been acquitted. At the trial of the present action a police officer, over objection, was permitted

to testify to a conversation between himself and appellant which led to the unearthing of a pistol which belonged to appellant, and the weapon was received in evidence. This conversation occurred and the gun was located pending trial of the first charge against appellant. Moreover, the police officer then knew nothing of the facts out of which arose the charge of robbery. It is contended that the trial court erred in allowing the conversation to go to the jury and in receiving the gun in evidence. But if there was any error in these respects—which we do not decide—the error could have been harmful only if the evidence disclosed to the jury the fact that appellant had been under prosecution upon another criminal charge. This disclosure, however, was not first made by the evidence in question, but by a statement of appellant's counsel made in the presence of the jury. Under these circumstances appellant cannot successfully object to the error, if there was one. It is to be observed here that in order to fix the grade of appellant's offense under the charge now before us, pursuant to section 211a of the Penal Code, evidence went to the jury which showed directly that he was armed with a gun at the time of the robbery and pointed it at his victim.

Appellant presents several specifications of alleged misconduct on the part of the district attorney, but in view of the answer of respondent to the points made we think them so lacking in merit as not to require a separate treatment.

It is contended that the trial court erred in refusing to give two instructions proposed by appellant for submission to the jury. No argument is presented nor is authority cited to show that the instructions should have been given. It is merely stated that the court erred in refusing them. Points so made give us nothing to decide. No authority need be cited to support this statement, as the cases upon the point are legion.

It is also insisted that the court erred in modifying an instruction offered by appellant and in giving it as modified. The stricken portion of the proposed instruction was to the effect that "you should remember that the defendant is presumed to speak the truth, and unless this presumption is destroyed by the evidence in the case, your oaths require you to find that he has spoken the truth". Section 1847 of the Code of Civil Procedure is invoked as authority for the

inclusion of this language in the instruction. The trial judge gave a general instruction to the effect that a witness is presumed to speak the truth, and followed it with this language: "This presumption, however, may be repelled by the manner in which he testifies,—his interest in the case, if any, or his bias and prejudice, if any, against one or any of the parties, by the character of his testimony, or by evidence affecting his character for truth, honesty or integrity, or by contradictory evidence, and the jury are the exclusive judges of his credibility." It is held in many cases that it is not proper to single out a defendant and to charge the jury upon the credibility of his testimony, while others appear to allow such an instruction (16 C. J. 1018, sec. 2443). Without grasping either horn of this dilemma in its full force, we think that where a trial judge gives such a general instruction as we have set forth, applicable to all the witnesses, it is not error to delete such matter as the trial judge here eliminated from the proposed instruction.

Judgment and order affirmed.

Craig, J., and Thompson (Ira F.), J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on February 11, 1931, and the following opinion then rendered thereon:

THE COURT.—On petition for rehearing appellant challenges our statement, concerning the disclosure to the jury of the fact that "appellant had been under prosecution upon another criminal charge", to this effect: "This disclosure, however, was not first made by the evidence in question, but by a statement of appellant's counsel made in the presence of the jury." In view of this challenge we deem it proper to state more fully why the error of the trial court in receiving in evidence the conversation of the police officer and the gun, if there was any such error, was harmless. When the police officer first took the stand it was shown by him, without objection or motion to strike, that he arrested appellant on April 1, 1930, and took him into custody, whereas the charge of robbery was not made against him until in August of that year. Thus the jury was shown that appellant had been placed under arrest, at least, long before the pending charge was made against him. When the police officer

was asked for a conversation with appellant, held after this arrest, counsel for appellant inquired of the district attorney whether the conversation "was in reference to this charge", a form of inquiry from which the jury might reasonably have inferred that some former charge had been made against appellant. The district attorney answered the query in the affirmative doubtless believing that the conversation and the gun found pursuant to it were admissible under the rule stated in *People* v. *Stoerkel,* 87 Cal. App. 336 [262 Pac. 825]. This is certainly an arguable question and is the one we found it unnecessary to decide in the opinion in the present case. When it developed that the conversation asked for related to a gun counsel for appellant sought leave to "take this witness on *voir dire*", whereupon the following occurred: "The Court: As I understand it, anything he is testifying to hasn't anything to do with any other charge. [The district attorney]: My question is specifically directed to the facts of this case and the gun *as it applies* (italics ours) to this particular charge and no other. . . . [Counsel for defendant]: With that understanding I will withdraw my objection." No objection, however, had theretofore been interposed. The witness then repeated the conversation. In it appellant told the witness where he had concealed a gun. It was then shown that the witness had procured the gun from its place of concealment, a gun was identified by him as the one in question and it was offered in evidence. There was not the slightest item in the testimony from which it could be argued that the gun related to any former charge, unless it was the showing thereby made that the witness procured the weapon from its hiding place four months before the robbery charge was preferred against appellant. After the gun was offered the witness was cross-examined as to his identification of it and it was received in evidence. The record shows the following at the beginning of the general cross-examination of the police officer: "Q. Officer Sterritt, when did you first know of the present robbery charges? A. The day after the preliminary *on the other charge* (italics ours). Q. So that up to the time of the preliminary *on the other trial,* any conversation that you had with the defendant was in reference to *the other case* (italics ours), was it not? [The district attorney]: That is objected to as calling for the conclusion and opinion of the witness. . . .

[Counsel for defendant] : Why, this man was charged with another crime and he was tried and acquitted. [The district attorney] : Just a moment; that is entirely uncalled for.'' In these few lines the jury was first directly informed that appellant had been previously charged with crime.

Rehearing denied.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 24, 1931.